**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERT DOUCETTE; et al.,

          Plaintiffs-Appellants,

    v.

U.S. DEPARTMENT OF THE
INTERIOR; et al.,

          Defendants-Appellees.

Nos.  19-35743
       20-35269

D.C. No. 2:18-cv-00859-TSZ

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted March 2, 2021
Seattle, Washington

Before: RAWLINSON and BYBEE, Circuit Judges, and MOSKOWITZ,[**] District
Judge.

    Appellants, members of the Nooksack Tribe, appeal the district court's grant

of summary judgment on its claim under the Administrative Procedure Act (APA),

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Barry Ted Moskowitz, United States District Judge for
the Southern District of California, sitting by designation.

5 U.S.C. § 706(2)(A), in favor of the Department of the Interior (DOI) and its officials.  Appellants argue that DOI's March 2018 recognition of the Nooksack Tribal Council after a special election was arbitrary and capricious under § 706(2)(A) because DOI (1) violated internal agency policy and (2) made the decision subject to "improper influence, secret meetings, and without proper procedure."  DOI argues that (1) we should dismiss the action because the Nooksack Tribe is an indispensable party and (2) the recognition decision was not arbitrary and capricious.

We have jurisdiction over the appeal in No. 19-35743 under 28 U.S.C. § 1291.[1]  We review the district court's grant of summary judgment de novo.  *Club One Casino, Inc. v. Bernhardt*, 959 F.3d 1142, 1146 (9th Cir. 2020).  We must determine whether DOI's actions were "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).  The arbitrary and capricious standard is "deferential and narrow."  *Club One Casino*, 959 F.3d at 1146.  We review the district court's joinder decision for abuse of discretion.  *Kescoli v. Babbitt*, 101 F.3d 1304, 1309 (9th Cir. 1996).  We affirm in part and dismiss in part.

---

[1] DOI challenges our jurisdiction over the appeal in No. 20-35269, discussed *infra.*

2

1. The Nooksack Tribe is not an indispensable party under Fed. R. Civ. P. 19(a). DOI has not demonstrated that it cannot adequately represent the Tribe's purported interest in this litigation. *See Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affairs*, 932 F.3d 843, 852 (9th Cir. 2019) (internal citation omitted) (The absent party's interests are not impaired if "adequately represented by existing parties to the suit."). Appellants' requested relief runs directly against DOI. There is no indication that the Nooksack Tribe "would offer any *necessary* element to the proceedings that the present parties would neglect." *Alto v. Black*, 738 F.3d 1111, 1128 (9th Cir. 2013) (internal quotations marks and citation omitted). We decline to dismiss the action in full.

2. DOI's recognition decision did not violate an enforceable agency rule or requirement. Appellants assert that various "decisions" issued by DOI between October 2016 and January 2018 created an agency policy of interpreting tribal law. First, these "decisions" are not enforceable under the APA because they do not have "the force and effect of law." *See United States v. Fifty-Three Eclectus Parrots*, 685 F.2d 1131, 1136 (9th Cir. 1982). The alleged policy is not a "substantive rule;" it is, at most, a rule of agency procedure that was not promulgated in accordance with the APA. *See id.*

Second, the *Accardi* doctrine[2] is not applicable. An agency's course of conduct alone is insufficient to trigger the *Accardi* doctrine. Moreover, it is clear from the record that the agency did not intend for the Memorandum of Agreement to be binding, and that the agency repeatedly clarified that it was relying on the tribal court's interpretations of its Constitution, rather than independently interpreting tribal law. Thus, the agency's recognition decision did not violate an enforceable agency rule or requirement.

3. Appellants also argue that the recognition decision is arbitrary and capricious under 5 U.S.C. § 706(2)(A) because it was made with improper influence, secret meetings, and without proper procedure. First, we agree with the district court that there is nothing in the emails between the Tribe's lobbyist and DOI that indicates an improper influence or nefarious dealings affected DOI's decision to recognize the results of the Nooksack election. Nor have Appellants identified a liberty or property interest that they were denied by the alleged improper process. *Cf. Greene v. Babbitt*, 64 F.3d 1266, 1271–72 (9th Cir. 1995) (greater process required because denial of tribe recognition affected members' property interest in federal benefits).

---

[2] *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954).

Finally, DOI's evaluation of the Nooksack Tribe's special election was not arbitrary and capricious. Rather, DOI's actions comported with the agency's duty to balance the tribe's right to self determination and its obligation to ensure that the Tribe followed its Constitution. The BIA, on behalf of DOI, reviewed the Nooksack Election Board's resolution of internal election disputes. The BIA found "nothing to indicate that the Board's decision should be disturbed" and that the evidence "indicate[d] that the election was conducted in a proper manner." Further, DOI points out that even if there were irregularities, the number of ballots purportedly received by hand would not have affected the outcome. Thus, DOI's recognition of the elected tribal council was not arbitrary and capricious.

4. We lack jurisdiction over Appellants' appeal in No. 20-35269. An indicative ruling under Fed. R. Civ. P. 62.1 is a procedural ruling, not an appealable "final determination on the merits." *See Martinez v. Ryan*, 926 F.3d 1215, 1229 (9th Cir. 2019). We therefore dismiss the appeal in No. 20-35269.

**No. 19-35743 is AFFIRMED; No. 20-35269 is DISMISSED.**